IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD EUGENE HALL (TDCJ No. 592804), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-2664-E-BN |
| PAMELA THIELKE and DAVID SALAZAR, | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Reginald Eugene Hall, a Texas prisoner, has filed a *pro se* civil rights action, seeking monetary damages, claiming that the two defendants, employed by the Texas Department of Criminal Justice's Parole Division, retaliated against him by revoking his parole after Hall exercised his Constitutional right to petition the courts. *See* Dkt. No. 3. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown.

The Court has granted Hall leave to proceed *in forma pauperis* under the Prison Litigation Reform Act.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action "with prejudice to [the claims raised in the complaint] being asserted again until the *Heck [v. Humphrey*, 512 U.S. 477 (1994)] conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.

1996) (per curiam).

The Court may not consider Hall's civil rights claims at this time, as those claims are based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that Hall fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

"The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

> [And] the rule set forth in *Heck* applies to a challenge to the validity of confinement resulting from a parole-revocation hearing. *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir.1995).
>     [Hall's] claim for damages based upon the revocation of his parole and his continued incarceration implicates the validity of the revocation hearing. [Hall] does not explicitly argue that the parole revocation has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486-87; *McGrew*, 47 F.3d at 161.

*Johnson v. Murray*, 420 F. App'x 327, 328 (5th Cir. 2011) (per curiam).

Hall's claims are currently *Heck* barred and therefore frivolous.

## Recommendation

The Court should dismiss this action with prejudice to the claims raised in the complaint being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 14, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE